UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| VS. | ) | CR No.: 07-019S |
| | ) | |
| | ) | |
| BERNARDO ROJAS | ) | |

**DEFENDANT'S MOTION FOR A SENTENCE BELOW THE APPLICABLE SENTENCING GUIDELINES RANGE**

The Defendant, BERNARDO ROJAS, by and through his undersigned counsel, pursuant to 18 U.S.C. § 3553 and LR Cr 32 of the Local Rules of the United States District Court for the District of Rhode Island, hereby moves the Court to impose a sentence below the applicable sentencing guidelines range. In support thereof, the Defendant has filed contemporaneously herewith a supporting memorandum.

Respectfully submitted this 25th day of May, 2007.

BERNARDO ROJAS, Defendant
By his Counsel,

/s/ Charles A. Tamuleviz .

Charles A. Tamuleviz Bar No.: 6115
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940
E-Mail: cat@thbrilaw.com

CERTIFICATION

On this 25th day of May 2007, I caused the Defendant's Motion For A Sentence Below The Applicable Sentencing Guidelines Range to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic Notification:

Peter F. Neronha
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

/s/ Charles A. Tamuleviz
Charles A. Tamuleviz, Esquire
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940
E-mail: cat@thbrilaw.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| VS. | ) | CR No.: 07-019S |
| | ) | |
| | ) | |
| BERNARDO ROJAS | ) | |

**DEFENDANT'S MEMORANDUM IN SUPPORT OF HIS MOTION FOR A SENTENCE BELOW THE APPLICABLE SENTENCING GUIDELINES RANGE**

I. INTRODUCTION

The Defendant, BERNARDO ROJAS, by and through his undersigned counsel, hereby submits the instant Memorandum in Support of his Motion For A Sentence Below The Applicable Sentencing Guidelines Range and in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of sentencing, as required by 18 U.S.C. § 3553(a), in light of United States v. Booker, 543 U.S. 220 (2005).

Booker restored the district court's ability to fashion a sentence tailored to the individual circumstances of a particular case and defendant by requiring courts to consider factors in addition to the sentencing range prescribed by the United States Sentencing Guidelines. Indeed, pursuant to 18 U.S.C. § 3553(a) the court is required to impose a sentence below the applicable range if such a sentence is sufficient to achieve the sentencing purposes set forth in 18 U.S.C. § 3553(a)(2). Essentially, the sentencing

purposes in § 3553(a)(2) are the following: punishment; deterrence; protection of the public; and appropriate correctional treatment for the defendant.

In the instant case, Mr. Rojas respectfully requests that the Court consider several important mitigating factors in fashioning an appropriate sentence, including but not limited to the following. First, other than his involvement in the instant case Bernardo Rojas has led a solid, trouble-free life in the United States. Second, the disproportionate nature of the sentence calculated under the Sentencing Guidelines when compared to the circumstances of Mr. Rojas' involvement in the instant offense. Third, the impact on Mr. Rojas and his three young children from any extended sentence of imprisonment. Fourth, the sentences imposed on Mr. Rojas' co-defendants, who were all sentenced to time served. When considered individually, collectively, and in the unique circumstances of this case, the aforementioned mitigating factors merit a sentence of imprisonment of time served.

## II. BACKGROUND

Mr. Rojas was arrested on November 3, 2006 by federal agents. On November 6, 2006, Mr. Rojas appeared before United States Magistrate Judge Lincoln D. Almond for an initial appearance. Magistrate Judge Almond ordered Mr. Rojas detained pending further proceedings. On March 9, 2007, after waiving his right to an indictment and pursuant to a written plea agreement, Mr. Rojas pleaded guilty to a one (1) count Information, which charged him with possession of a firearm by an illegal alien, in violation of 18 U.S.C. § 922(g)(5).

A PSR was prepared by the United States Probation Office and made available to the parties on April 26, 2007. In the PSR, the applicable guidelines sentencing range is

computed to be 10 to 16 months. Mr. Rojas is scheduled to be sentenced on June 1, 2007.

III. POST *BOOKER* SENTENCING

In United States v. Jiminez-Beltre, 440 F.3d 514, 518-519 (1st Cir. 2006)(en banc), the First Circuit set forth the appropriate approach for district courts to follow at sentencing. Initially, the court must calculate the correct guidelines sentencing range. Id. Next, any proposed departures should be considered, followed by the further determination whether other factors identified by either side warrant an ultimate sentence above or below the applicable guidelines range. Id. The sentencing court's discretion remains constrained by 18 U.S.C. § 3553(a), which requires courts to consider a number of factors enumerated within the statute. United States v. Smith, 445 F.3d 1, 3 (1st Cir. 2006), citing United States v. Pho, 433 F.3d 53, 61-62 (1st Cir. 2006). The sentence imposed by the court is subject only to the ultimate requirement of "reasonableness." United States v. Jiminez-Beltre, at 517.

IV. STATUTORY SENTENCING FACTORS

A. The History and Characteristics of the Defendant, 18 U.S.C. § 3553(a)(1)

Information concerning Mr. Rojas' personal and family characteristics is set forth in detail in Part C of the Presentence Report ("PSR"). Mr. Rojas was born in Guatemala. He is 49 years old. Mr. Rojas has one sister, who resides in Guatemala. His early years were spent in Guatemala, being raised by his mother and her paramour, Enrique. At times, Mr. Rojas' mother beat him with branches as a means of discipline. Overall, Mr. Rojas' relationship with Enrique was a positive one. Indeed, Mr. Rojas viewed Enrique as a surrogate father.

Mr. Rojas has no formal education and requires the assistance of a Spanish – English interpreter. While growing up in Guatemala, he worked as a farmhand planting crops. In 1984, Mr. Rojas came to the United States with the hope of improving his life. He first came to Rhode Island in 1988, and has resided in Rhode Island continuously since then. For approximately the 16 years prior to his arrest in this case, Mr. Rojas was employed by Alforno Restaurant. During the winters, he also worked shoveling snow. Other than a minor motor vehicle violation, Mr. Rojas has an unblemished criminal history.

During the past 12 years, Mr. Rojas has had a relationship with Vilma Morales. Mr. Rojas and Ms. Morales have three children, ages 12, 10 and 1 ½ years. Prior to his arrest in this case, Mr. Rojas resided with Ms. Morales and the three children. He has always provided support for them and parented the children. Unfortunately, due to the current circumstances the children, who are all United States citizens, have been forced to move to Guatemala to live with relatives. Mr. Rojas' mother has been caring for the children in her home. Although she provides for the children as best as she can, their situation is problematic, economically, emotionally and in terms of the opportunities available to them. The children's' current situation, and their separation from him, constitute the harshest punishment that could be imposed on Mr. Rojas.

B. The Nature and Circumstances of the Offense, 18 U.S.C. § 3553(a)(1)

The instant charge against Mr. Rojas arose from the purchase of a firearm from an undercover law enforcement agent. Although the undercover agent had met with Mr. Rojas' three co-defendants, i.e., Vilma Morales, Juan Orellana and Carlos Vargas, prior to the date of the instant offense, Mr. Rojas had never met with, or communicated with,

the undercover agent. It was mere chance that Mr. Rojas was with his three co-defendants that day inasmuch as they had picked him up at his place of employment prior to traveling to the meeting with the undercover agent. Mr. Rojas was not aware at that time of the others' intentions to meet with the undercover agent to purchase firearms. Regrettably, as events unfolded Mr. Rojas did purchase a firearm that day. Nevertheless, Mr. Rojas' role in the instant offense is that of the least involved participant. The foregoing circumstances militate towards leniency in sentencing.

C. <u>The Need for the Sentence Imposed, 18 U.S.C. § 3553(a)(2)</u>

A necessary factor to be considered by the Court in sentencing Mr. Rojas is punishment. When one considers the separation from his children for the past seven months and the impact of his arrest on his children's' lives, the punishment Mr. Rojas has already endured is overwhelming. There is no measurable gain or objective to be attained in terms of punishment by imposing a sentence that includes further incarceration. Mr. Rojas has been in custody for approximately seven months already. To impose a sentence that includes additional prison time will not further the interests of justice.

Another factor that enters into the sentencing equation is deterrence of others and the defendant. The crime of possession of a firearm by an illegal alien is generally motivated by factors specific to the individuals involved. Those factors can include economics, familial situations, safety, and others. A potential prison sentence, of whatever length, is of questionable deterrent value in these types of situations. Further, after seven months of detention Mr. Rojas fully appreciates the consequences of his actions and is extremely unlikely to follow the same path in the future. The foregoing

establishes that a sentence of imprisonment of time served is appropriate in this case. This is especially true in light of the sentences imposed on the three co-defendants, which all included time served as the term of imprisonment.

V. CONCLUSION

In consideration of the foregoing, the Defendant, BERNARDO ROJAS, respectfully requests that the Court impose a sentence of imprisonment of time served, a term of supervised release that it deems appropriate, and no fine.

Respectfully submitted this 25th day of May, 2007.

BERNARDO ROJAS, Defendant
By his Counsel,

/s/ Charles A. Tamuleviz .

Charles A. Tamuleviz Bar No.: 6115
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940
E-Mail: cat@thbrilaw.com

## CERTIFICATION

On this 25th day of May 2007, I caused the Defendant's Memorandum In Support Of His Motion For A Sentence Below The Applicable Sentencing Guidelines Range to be filed electronically and it is available for viewing and downloading from the ECF system.

Electronic Notification:

Peter F. Neronha
Assistant U.S. Attorney
U.S. Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903

/s/ Charles A. Tamuleviz
Charles A. Tamuleviz, Esquire
Tamuleviz, Hultquist, & Bianchi, LLP
144 Westminster Street, Suite 302
Providence, Rhode Island 02903
Telephone: 401.490.2939
Facsimile: 401.490.2940
E-mail: cat@thbrilaw.com